IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

KENNETH CRISSUP §

VS. § CIVIL ACTION NO. 1:06cv793

CARL PLOCK, ET AL §

MEMORANDUM OPINION

Plaintiff Kenneth Crissup, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Carl L. Plock and Virgil D. Weaver.

Factual Background

Plaintiff alleges that on June 26, 2006, while he was at the Stiles Unit, defendants Weaver and Plock placed him in protective custody. However, he states they did not retrieve his property until more than seven hours had passed and failed to conduct an inventory of his property as required by prison policy. He asserts their actions and omissions caused him to be deprived of his property.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915A(b) if: (1) it is frivolous, malicious or fails to state a claim upon which relief may be granted or (2) it

seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say that a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory." *Id.* at 327.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face. *Id.*, 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However,

conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

## Analysis

A claim of deprivation of property by persons acting under color of state law is cognizable in a proceeding brought pursuant to 42 U.S.C. § 1983 under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. However, where the deprivation was random and unauthorized and the state has an adequate post-deprivation tort remedy, due process is satisfied. *Hudson v. Palmer*, 468 U.S. 517 (1984) (holding that the due process clause is not violated when a state employee intentionally deprives an individual of property where the state has a meaningful post-deprivation remedy); *Parratt v. Taylor*, 451 U.S. 527 (1981) (finding no due process violation when a state employee negligently deprives an individual of property if the state provides a post-deprivation remedy), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (concluding that plaintiff failed to state a claim regardless of whether the deprivation of property was the result of negligence or intentional misconduct); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (noting that deprivations of property caused by the

misconduct of state officials do not violate constitutional due process, provided adequate post-deprivation remedies exist).

Post-deprivation remedies are not sufficient to satisfy due process if the deprivation of property is caused by conduct pursuant to established policy. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). When the loss of property is the result of a random and unauthorized act:

> It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under "color of law," is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation.

*Parratt*, 451 U.S. at 541-42.

Plaintiff alleges the defendants failed to timely retrieve his property and conduct an inventory as required by prison policy. As a result, the deprivation of property alleged by plaintiff was random and unauthorized. Therefore, plaintiff's due process rights were not violated because Texas provides an adequate post-deprivation remedy. *See Murphy*, 26 F.3d at 543-44 (holding that in Texas the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983) (holding that a state action for damages is an adequate state remedy). As a result, plaintiff has failed to

4

establish his constitutional rights were violated in connection with the deprivation of property. He has therefore failed to state a claim upon which relief may be granted.

## Conclusion

For the reasons set forth above, this lawsuit will be dismissed for failure to state a claim upon which relief may be granted. An appropriate final judgment shall be entered.

**SIGNED** this the **21** day of **May, 2009.**

_____
Thad Heartfield
United States District Judge